FILED
U.S. District Court
District of Kansas
09/17/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CU NGUYEN,

Petitioner,

v.

TODD BLANCHE, Acting United States Attorney;
U.S. DEPARTMENT OF JUSTICE;
MARKWAYNE MULLIN, Secretary, DHS;
ROBERT F. LYNCH, Field Office Director, ICE; and
JACOB WELSH, Warden, Chase County
Detention Center,

Respondents.

Case No. 26-3195-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner, a native of Vietnam, entered the United States as a refugee in 1990 and became a lawful permanent resident in 1997. His removal was ordered in 2016, but he was released on an order of supervision (OSUP) because a travel document could not be obtained for him. He was detained by immigration officials on April 7, 2026. On June 26, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner (after obtaining an extension) has filed a traverse, and the matter is therefore ripe for ruling.

[1] The Court also **denies as moot** petitioner's recently-filed motion (Doc. # 13) for an order enjoining his removal while this case is pending.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that more than six months have passed since his removal order, that his removal in the foreseeable future is not likely because Vietnam will not accept him, and that he is therefore entitled to release under the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the

> Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (applying this framework).

The Court concludes that this claim under *Zadvydas* must be denied. First, petitioner has not yet been detained for six months, and therefore his detention remains presumptively reasonable under that case.[2] Moreover, even if the Court were to apply the *Zadvydas* framework, petitioner's claim would fail because respondents have submitted evidence that Vietnam has agreed to accept petitioner's removal to that country and has

[2] This Court has consistently held that the six-month period under *Zadvydas* restarts upon the re-detention of an alien who was previously released. *See, e.g.*, *Rustami v. Noem*, 2025 WL 3760744, at *2 n.1 (D. Kan. Dec. 30, 2025) (Lungstrum, J.),

issued a travel document for petitioner; and respondents have provided notice that petitioner is scheduled to be removed this month on the next available charter flight to Vietnam.

In his traverse, petitioner asserts new claims that the Government violated applicable regulations in revoking his release at the time of his detention. The Court ordinarily does not consider such claims raised for the first time in a traverse, as the Government has not had the opportunity to respond. Petitioner has not shown that he is entitled to relief at any rate. Petitioner claims that immigration officials did not revoke his release based on changed circumstances regarding the likelihood of his removal. *See* 8 C.F.R. § 241.13(i)(2). The Court has ruled, however, that revocation may be justified by a change in circumstances since that time. *See Qui v. Carter*, 2025 WL 2770502, at *4 (D. Kan. Sept. 26, 2025) (Lungstrum, J.). In this case, respondents have submitted evidence that Vietnam has increased the level of its cooperation with the United States regarding the removal of its nationals to that country, as shown by the great increase in the number of such removals in the last year; that the Government has used frequent charter flights to remove aliens successfully to Vietnam in that time; and that Vietnam has consistently issued necessary travel documents for its nationals. *See Huynh v. Department of Homeland Sec.*, 2026 WL 1361458, at *1 (D. Kan. May 15, 2026) (Lungstrum, J.) (citing such evidence in denying the same claim). Moreover, in this case Vietnam has in fact issued a travel document for petitioner, and thus the issue preventing his prior removal has been addressed. Moreover, in light of this evidence and the imminence of his removal, petitioner has failed to show that he suffered any prejudice from a lack of notice at the time of his

revocation, even if the Court were to assume that the Government's notice did not comply with 8 C.F.R. § 241.13(i)(3). The Court therefore denies petitioner's new claims of regulatory violations.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for a temporary restraining order (Doc. # 13) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 16th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge